IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MIGUEL RICO,

  Plaintiff,

v.           Case No. 1:24-CV-01068-JEH

JOHN DOE,

  Defendants.

## Order

 Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for excessive force. The matter comes before this Court for an issue related to the identification of the Doe Defendant and ruling on Plaintiff's motion for appointment of counsel. (Doc. 47). For the reasons discussed, *infra*, Plaintiff's motion is denied with leave to renew.

## I

 Plaintiff's Amended Complaint alleged that he refused to take enforced medication on January 3, 2024, and that several unidentified officials used chemical spray and "assaulted [him] all over his face, head, and body while the Plaintiff was not aggressive or…a [threat] to anyone or others." (Doc. 14). Plaintiff alleged that he was taken to segregation as a result. *Id.* Plaintiff named one John Doe officer as a defendant. *Id.*

1

The Court's Merit Review Order #2 found that Plaintiff stated an Eighth Amendment claim for excessive force against the John Doe Defendant. (Doc. 13). The Court named Defendant Nurse, the warden at the facility where the events allegedly happened, as a defendant solely for purposes of assisting Plaintiff in identifying the John Doe defendant. *Id.* at 2. The Court's Scheduling Order directed Plaintiff to identify the John Doe defendant within 60 days of the date that order was entered. (Doc. 24 at 5, ¶ 9).

Pursuant to the Court's orders, Defendant Nurse provided Plaintiff with medical records, incident reports, and employee rosters for the dates Plaintiff identified in his complaint. Plaintiff has repeatedly informed the Court that he cannot identify the Doe Defendants because he has not been provided payroll records and other documents and that he should not be required to do so.

Defendant Nurse, on the other hand, indicated that "the disciplinary reports and accompanying incident reports that have been provided to Plaintiff…are inconsistent with Plaintiff['s] reported date of January 3, 2024." (Doc. 42 at 2-3, ¶ 12). Defendant Nurse stated that she was unable to provide further assistance absent clarification from Plaintiff. To resolve this impasse, the Court directed Defendant Nurse to provide under seal for an *in* camera review all documents she provided to Plaintiff for purposes of identifying the Doe defendant. Text Order entered May 28, 2025. Defendant Nurse complied on June 11, 2025. (Doc. 46).

The Court's review of the documents disclose an Adjustment Committee Final Summary Report dated January 8, 2024, that addresses an alleged disciplinary violation Plaintiff committed on January 3, 2024. (Doc. 46-4 at 1-3). The report summarizes prison officials' accounts of an event that occurred on January 3, 2024, involving the forced administration of medication, the use of pepper spray, and two officials who "both threw closed fist strikes" to Plaintiff's

body. *Id.* at 2. The relevant incident reports were also included. *Id.* at 4-8. The Adjustment Committee's report indicates that Plaintiff received segregation time for this incident. *Id.* at 3.

These documents describe an incident that is consistent with the events alleged in Plaintiff's amended complaint on the date that Plaintiff alleged. They are legible and identify the officials who were present, the officials that used chemical spray, and the officials that struck Plaintiff.

Based on these reports, the Court is inclined to add Lieutenant J. Meade, Lieutenant D. Bayler, and Sergeant Krominga as defendants and to attempt service accordingly. Plaintiff is directed to inform the Court within the deadline set forth below whether he would like to proceed with his Eighth Amendment excessive force claim against these individuals. If he does, the Court will attempt service of these individuals and dismiss Defendant Nurse.

## II

Plaintiff filed a Motion for Appointment of Counsel (Doc. 47). Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Therefore:**

1) **Plaintiff shall inform the Court within 21 days of this Order whether he would like to proceed with his Eighth Amendment claim against the individuals identified above.**

2) **Plaintiff's Motion for Appointment of Counsel [47] is DENIED with leave to renew.**

*It is so ordered.*

Entered: July 7, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge